UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE, )<br>)<br>  Plaintiff, )<br>    vs. ) 1:09-cv-714-WTL-DML<br>)<br>ALAN FINNAN, Superintendent of Pendleton )<br> Correctional Facility, )<br>)<br>  Defendant. ) | |

**Entry Granting Motion for Summary Judgment**

Rev. Jeffrey Allen Rowe, a state prisoner, filed this civil rights action alleging that the Indiana Department of Correction's (DOC) policy regarding Security Threat Groups (STGs) is unconstitutional, that several of his religious items were wrongfully confiscated, and that his rights were violated as a result of being denied access to materials associated with his faith. Defendant Alan Finnan, in his official capacity as Superintendent of the Pendleton Correctional Facility (PCF),[1] seeks resolution of this matter through the entry of summary judgment. Superintendent Finnan's argument is that Rowe failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act.

Having considered the pleadings, the motion for summary judgment, and the materials relative to such motion, and being duly advised, the court finds that Superintendent Finnan's motion for summary judgment must be granted. This conclusion is based on the following facts and circumstances:

1.   Summary Judgment is appropriate if "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Scott v. Edinburg,* 346 F.3d 752, 755 (7th Cir. 2003) (quoting FED. R. CIV. P. 56(c) and citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986)). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). "In evaluating a motion for summary judgment, a court should draw all reasonable inferences from undisputed facts in favor of the nonmoving party and should view the disputed evidence in the light most favorable to the nonmoving party. Only factual disputes that might affect the outcome of the suit in light of the substantive law will preclude summary judgment. Irrelevant or unnecessary facts do not deter summary judgment, even when in dispute." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008).

---

[1] Alan Finnan replaced Brett Mize as Superintendent of the PCF. Because Rowe's claims are asserted against the Superintendent of PCF in his official capacity, Superintendent Finnan is **substituted as the defendant.**

      2.      Before the merits of Rowe's claims can be addressed, the court is required to address the affirmative defense that Rowe failed to exhaust his available administrative remedies prior to filing this action. *Pavey v. Conley,* 528 F.3d 494, 498 (7th Cir. 2008); *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999)("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit.").

      3.      The law applicable to the affirmative defense is this: The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). That is, "a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford,* 548 U.S. at 88.

      4.      The facts pertinent to the motion for summary judgment, which is to say that the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Rowe as the non-moving party, *see Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000), are the following:

      a.      At the time pertinent to his claims in this action, Rowe was a prisoner confined at the PCF. At that same time, the PCF had an inmate grievance procedure.

      b.      The procedure is begun when an offender submits a grievance form to the Grievance Specialist. An offender must file a grievance within 20 business days from the day of the event that is the subject of the grievances and, if the grievance is not resolved in a manner that satisfies the offender, he may pursue the issue by filing an appeal to the Department of Correction's Offender Grievance Manager. The proper or full exhaustion of the grievance process requires pursuing an appeal to the final (second) step.

      c.      The grievance procedure also has procedural requirements of which the offenders are aware. These requirements include, but are not limited to, requiring the offender to pursue the informal grievance process before participating in the formal grievance process and requiring the offender to complete the proper grievance form, as well as comply with the requirements of that form.

      d.      Rowe's claims here are that the DOC's policy regarding STGs is unconstitutional, that several of his religious items were wrongfully confiscated, and that his rights were violated as a result of being denied access to materials

associated with his faith. The policy and the actions Rowe challenges in this case were within the scope of treatment and/or conditions of confinement which could be grieved under the grievance procedure in effect at the PCF.

e.  Rowe submitted informal grievances regarding each of his claims.[2] In each instance, he received no response. Rowe then sought to initiate the formal grievance process by writing out his grievances on regular paper and submitting them to various PCF employees. Again, Rowe did not receive a response to these grievances.

f.  Rowe had multiple sources from which to obtain a grievance form, including, but not limited to, his counselor, the prison law library, and the grievance specialist. If an offender is unable to obtain a grievance form from his counselor, the grievance specialist will personally provide the form to the offender. In addition, the grievance specialist distributed grievance forms in the chow hall during meals.

g.  A computer log is kept of all grievances properly filed at all facilities within the DOC, including the PCF, after December 1, 2005. That computer log of reveals that Rowe has not filed any formal grievances while housed at the PCF.

5.  Rowe argues that there is a genuine issue of material fact regarding whether or not the administrative remedy process was available to him. Rowe explains that, for each of his claims, he initiated the informal grievance step and when he was not provided a formal grievance form from various PCF employees, he attempted to initiate the formal grievance procedure by writing his complaint on plain paper. Such self-help measures are the antithesis of "strict compliance" with the exhaustion requirement of the PLRA and fall at best in the realm of "substantial compliance," which the Court of Appeals has rejected as an adequate showing of exhaustion. *Lewis v. Washington,* 300 F.3d 829, 834 (7th Cir. 2002) (holding that the doctrine of substantial compliance could not be recognized as a means of satisfying the statutory exhaustion requirement).

6.  Rowe has failed to offer any admissible evidence showing that he attempted to obtain a grievance form from the law library or the grievance specialist. Rowe was required to complete the proper grievance form, but failed to do so. Superintendent Finnan has met his burden of proving that Rowe "had available remedies that [he] did not utilize." *Dale v. Lappin,* 376 F.3d 652, 656 (7th Cir. 2004). Because it was Rowe who made a mistake in utilizing the grievance process he did not properly exhaust available administrative remedies. *See Pozo,* 286 F.3d at 1023-24 ("Any other approach would allow a prisoner to 'exhaust' state remedies by spurning them, which would defeat the statutory objective . . ."); *Dixon v. Page,* 291 F.3d 485 (7th Cir. 2002) (prisoner did not exhaust when,

---

[2] Rowe did not file an affidavit attesting to his facts in dispute. Instead Rowe states, dkt 21, that each of his "facts in dispute" were presented in his amended complaint and verified under penalty of perjury. Rowe states that his amended complaint should be understood as his sworn declaration. For the purposes of this Entry, his amended complaint is understood as such.

3

after he did not receive the relief he was promised, he did not appeal to the next level of review). He "had available remedies that [he] did not utilize," *Dale*, 376 F.3d at 656, and thus his failure to complete the grievance process bars his claim for relief at this time.

       7.      Because the pleadings and the record pertaining to the motion for summary judgment show that Rowe did not properly exhaust his available administrative remedies prior to filing this action, the motion for summary judgment must be granted and this action dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."); *Pozo,* 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

      Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**

Date: 01/04/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana