UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| REV. JEFFREY ALLEN ROWE,            )<br>                                                          )<br>                       Plaintiff,           )<br>          vs.                                       )           1:09-cv-714-WTL-DML<br>                                                          )<br>ALAN FINNAN, Superintendent of Pendleton  )<br> Correctional Facility,                      )<br>                                                          )<br>                       Defendant.        ) | |

**Entry Discussing Motion for Reconsideration**

This cause is before the court on the plaintiff's motion for reconsideration (dkt 31). That motion was filed with the clerk on January 20, 2010 and is directed to the Judgment entered on the clerk's docket on January 6, 2010 dismissing the action.

Given the timing of the plaintiff's motion for reconsideration relative to the entry of final judgment, and given the arguments set forth in such motion, the motion is treated as a motion pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within 10 days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it); *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989)(noting that Rule 59(e) encompasses reconsideration of matters decided on the merits).

Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). The Court of Appeals has explained that there are only three valid grounds for a Rule 59(e) motion--newly-discovered evidence, an intervening change in the law, and manifest error in law. *See Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

There was in this case no manifest error of law or fact. The court did not misapprehend the plaintiff's claim, nor did it misapply the law to that claim in light of the applicable law. Accordingly, the post-judgment motion to reconsider, treated as a motion to alter or amend judgment (dkt 31), is **denied.**

**IT IS SO ORDERED.**

Date: 01/25/2010

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Jeffrey Allen Rowe,
DOC #116017
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Akia Haynes
Indiana Office of the Attorney General
akia.haynes@atg.in.gov